IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, ex rel. LOI TRINH and ED TA-CHIANG HSU, | ) ) ) ) | Case No. CV 10-1904 CW |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| NORTH EAST MEDICAL SERVICES, | ) ) | |
| *Defendant*. | ) ) | |

WHEREAS, Defendant Northeast Medical Services ("NEMS") has served a subpoena on Non-Party San Francisco Health Plan ("SFHP") seeking the production of material directly from Non-Party SFHP;

WHEREAS, Non-Party SFHP maintains that a Stipulated Protective Order is needed to provide adequate protection against misuse or disclosure of its sensitive, proprietary or trade secret information, and it has requested that Plaintiffs and Defendant voluntarily stipulate to the entry of a Protective Order in this Litigation (the "Protective Order") applicable to Non-Party SFHP.

THEREFORE, Plaintiffs, Defendant, and Non-Party SFHP, by and through their respective counsel, hereby STIPULATE AND AGREE that the Court may enter the following Protective Order to provide protection for material produced by Non-Party SFHP:

The documents to be protected by the Protective Order shall be produced or submitted by Non-Party SFHP with the designation "ATTORNEYS' EYES ONLY" and shall be subject to the following restrictions:

1

A.    Definitions

1.    "Party": any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Material":  all information, documents, testimony, and things generated, produced, served, or otherwise provided in this Litigation by Non-Party SFHP.

3.    "ATTORNEYS' EYES ONLY" Material:   information, documents, and things Non-Party SFHP believes in good faith is not generally known to others, and that Non-Party SFHP (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

4.    "Receiving Party":  a Party that receives Material from Non-Party SFHP.

5.    "Designated Material": Material that is designated "ATTORNEYS' EYES ONLY" under this Order.

6.    "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the information for this Litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this Litigation, or independent shorthand reporters retained to record and transcribe testimony in connection with this Litigation.

7. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by Counsel of Record to serve as an expert witness, or as a litigation consultant in this Litigation.

8. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this Litigation. This definition includes ESI vendors, professional jury or trial consultants retained in connection with this Litigation retained by such consultants to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

B. Scope

9. The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders.

C. Access to Designated Material

10. Access to "ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the United States District Court for the Northern District of California or permitted in writing by Non-Party SFHP, a Receiving Party may disclose any information, document or thing designated "ATTORNEYS' EYES ONLY" only to:

a) Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

b) Counsel of Record;

c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, and who have, after the date of this Protective Order, signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

d) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, as well as any of the arbitrator's or mediator's staff who have also signed exhibits A and B;

e) Court reporters and videographers employed in connection with this Litigation; and

f) Professional Vendors to whom disclosure is reasonably necessary for this Litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, subject to following exception: Designated Material shall not be disclosed to mock jurors without Non-Party SFHP's express written consent.

g) The Court and its personnel.

11. Absent an order from the United States District Court for the Northern District of California or agreement of Non-Party SFHP, Designated Material may not be disclosed to officers, directors or employees of NEMS, including its in-house attorneys and support staff.

12. Receiving Party may host "ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party. "ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designed in subparagraph c above.  To the extent that any "ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office or system, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electron format), by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.

13. Each person to whom Designated Material may be disclosed and who is required to sign the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for the Receiving Party who makes any disclosure of Designed Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel, for Non-Party SFHP at the termination of this Litigation.

14. Absent written permission from Non-Party SFHP, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present as depositions while Designated Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the United States District Court for the Northern District of California, to protect Designated Material from disclosure to persons not authorized to have access to such Material.  Any Party intending to disclose confidential

information from Designated Material at pretrial or trial proceedings must give advanced notice to assure the implantation of the terms of this Protective Order.

        D.        Access By Outside Consultants

        15.        Notice.  If a Receiving Party wishes to disclose Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for Non-Party SFHP, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trials or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years including the dates of the consulting or employment and a brief description of the subject matter of the consultancy or employment and a brief description of the subject matter of the consultancy or employment; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

        16.        Objections.  Non-Party SFHP shall have five (5) business days from receipts of the notice specified in Paragraph 15 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, email delivery or facsimile transmission). After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Protective Order.  Any objection by Non-Party SFHP must set forth in detail the grounds on which it is based.  Should the Receiving Party disagree with the basis for the objections), the Receiving Party must first attempt to resolve the objection(s) informally with

Non-Party SFHP. If the informal efforts do not resolve the dispute within five (5) business days, the Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Non-Party SFHP shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the United States District Court for the Northern District of California upon any such objection(s), the discovery material shall not be disclosed to the person objected to by Non-Party SFHP.

   F.  Use of Designated Material

   17.  Use of Designated Material By Receiving Party. Unless otherwise ordered by the United States District Court for the Northern District of California, or agreed to in writing by Non-Party SFHP, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this Litigation, and shall not be used in any other way, or for any other purpose. Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

   18.  Use of Designated Material By Non-Party SFHP. Nothing in this Order shall limit Non-Party SFHP's use of its own documents and information, nor shall it prevent Non-Party SFHP from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

   19.  Use of Designated Material at Depositions. Except as may be otherwise ordered by the United States District Court for the Northern District of California, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated

Material of which such person has prior knowledge, without in any way limiting the generality of the following:

    a)     A witness testifying on behalf of Non-Party SFHP pursuant to a subpoena may be examined concerning all Designated Material that has been produced by Non-Party SFHP; and

    b)     A former director, officer, agent and/or employee of Non-Party SFHP may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, that has been produced by Non-Party SFHP and that pertains to the period or periods of his or her employment.

    20.     Use of Designated Material at Hearing or Trial. The parties will give Non-Party SFHP prior notice of, and an opportunity to object to, any intended use of the Designated Material at any hearing or trial in this case. Said notice shall (1) be served by facsimile or email on counsel for Non-Party SFHP at least five (5) business days prior to the hearing or the first day of trial, (2) identify the Designated Material with specificity and (3) identify the measures the party intends to propose to the Court to protect the Designated Material when used at any hearing or trial consistent with this Protective Order.

    G.     Procedure for Designating Materials

    21.     Subject to the limitations set forth in this Order, Non-Party SFHP may: designate as "ATTORNEYS' EYES ONLY" information that it believes, in good faith, meets the definition set forth in Paragraph 3 above.

    22.     Except as provided above in Section E with respect to "ATTORNEYS' EYES ONLY" Material, any material (including physical objects) made available by Non-Party SFHP for initial inspection by counsel for the Receiving Party prior to producing copies of selected

items shall initially be considered, as a whole, to constitute "ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, Non-Party SFHP shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

     23.    Designation in conformity with this Order shall be made as follows:

     a)    For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), Non-Party SFHP shall affix the legend "ATTORNEYS' EYES ONLY" on each page that contains Designated Material.

     b)    For testimony given in deposition, or in other pretrial or trial proceedings, Non-Party SFHP shall specify any portions of the testimony that it wishes to designate as "ATTORNEYS' EYES ONLY." In the case of depositions, Non-Party SFHP may also designate any portion of a deposition transcript as "ATTORNEYS' EYES ONLY" by informing the reporter, and the Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts involving Designated Material and not marked at least "ATTORNEYS' EYES ONLY" during the deposition will be nonetheless be treated as "ATTORNEYS' EYES ONLY" until the thirty (30) day period as expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "ATTORNEYS' EYES ONLY" as instructed by Non-Party SFHP.

     c)    For information produced in some form other than documentary, and for any other tangible items, Non-Party SFHP shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "ATTORNEYS' EYES ONLY."

H.      Waiver of Privilege

24.     Subject to the provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after Non-Party SFHP becomes aware of any such inadvertent disclosure, Non-Party SFHP designates any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing return of such documents to Non-Party SFHP. Upon request by Non-Party SFHP, the Receiving Party shall immediately retrieve and return all copies of such document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the United States District Court for the Northern District of California; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial or inspection of the documents later designated as attorney-client privileged, work, product, or subject to another applicable privilege or immunity.

I.      Inadvertent Failure to Designate

25.     An inadvertent failure to designate qualified information, documents or things as "ATTORNEYS' EYES ONLY" does not, standing alone, waive Non-Party SFHP's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, Non-Party SFHP may notify the Receiving Party in writing that the material is to be designated as "ATTORNEYS' EYES ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of

this Order, subject to the right to challenge the propriety of such designation(s). Non-Party SFHP shall provide substitute copies of documents bearing the confidentiality designation.

J.   Filing Designated Material

26.   Without written permission from Non-Party SFHP or an Order from the United States District Court for the Northern District of California secured after appropriate notice to all interested persons, a Party may not file in the public record in this Litigation any Designated Material, but must move to file such Designated Material under seal in conformance with the rules and procedures of the United States District Court for the Northern District of California. If such a motion is filed by a Party, within the time specified in Northern District local rule 79-5(d), SFHP shall serve and file a declaration establishing that the Designated Material is sealable and lodge and serve a narrowly-tailored proposed sealing order, or withdraw the Designated Material's confidentiality designation. Material served and lodged for filing under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed filing, the words "ATTORNEYS' EYES ONLY," as appropriate, and a statement substantially in the following form: "UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS CONFIDENTIAL INFORMATION – TO BE OPENED ONLY BY OR AS DIRECTED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA." If the court grants the motion to seal, the moving Party shall file the Designated Material in the public record. If the Court denies the motion to seal, the moving Party shall be permitted to file the Designated Material in the public record.

K.   Challenges to Confidentiality Designations

27.   Non-Party SFHP will use reasonable care when designating documents or information as "ATTORNEYS' EYES ONLY." Nothing in this Order shall prevent a Receiving

Party from contending that any or all documents or information designated as "ATTORNEYS' EYES ONLY" have been improperly designated. A Receiving Party may, at any time, request that Non-Party SFHP cancel or modify the confidentiality designation with respect to any document or information contained therein.

28. A Receiving Party shall not be obligated to challenge the propriety of an "ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for Non-Party SFHP, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with all applicable rules. If agreement cannot be reached, the Receiving Party shall request that the United States District Court for the Northern District of California cancel or modify an "ATTORNEYS' EYES ONLY" designation.

L. Designated Material Subpoenaed or Ordered Produced In Other Litigation

29. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this Litigation as "ATTORNEYS' EYES ONLY," the Receiving Party must so notify Non-Party SFHP, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose

of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford Non-party SFHP an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Non-Party SFHP shall bear the burdens and the expenses of seeking protection in that court of Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

      M.      Unauthorized Disclosure of Designated Material

      30.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Non-Party SFHP of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting Non-Party SFHP's right to seek remedies for a violation of this Order.

      O.      Duration

      31.      Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until Non-Party SFHP agrees otherwise in writing or court order otherwise directs. The Court shall retain jurisdiction to enforce the terms of this Protective Order after the dismissal of this Action. Plaintiffs and Defendants agree that any order of dismissal of the Action as to any or all parties shall include a specific provision that the Court shall retain jurisdiction to enforce this Protective Order following dismissal. Plaintiffs,

Defendants, and any individual who receives any Designated Material consent to the personal jurisdiction of the Court for that purpose.

      P.      Final Disposition

      32.      Unless otherwise ordered or agreed in writing by Non-Party SFHP, within sixty (60) days of the termination of all this Litigation, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including outside counsel for each Receiving Party, will destroy all Material designated "ATTORNEYS' EYES ONLY" produced by Non-Party SFHP in this Litigation, as well as all work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence containing information from Designated Material ("derivations") and all copies thereof, with the exception of copies stores on backup tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Non-Party SFHP with a certification stating that it, including its outside counsel, has complied with its obligations under this paragraph. With respect to any copy of Material of Non-Party SFHP or derivation thereof that remains on back-up tapes and other disaster storage media of a Receiving Party, neither the Receiving Party nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Non-Party SFHP or such shorter period as required by court order, subpoena, or applicable law.

Q. Miscellaneous

33. Any of the notice requirements herein may be waived, in whole or in part, but only by writing signed by the Counsel of Record for the Party or Non-Party SFHP against whom such waiver will be effective.

34. This Order is entered without prejudice to the right of any Party or Non-Party SFHP to apply to the United States District Court for the Northern District of California at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party or Non-Party SFHP waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party or Non-Party SFHP waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The United States District Court for the Northern District of California shall take appropriate measures to protect Designated Material at trial and any hearing in this Litigation.

35. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which Non-Party SFHP consents in writing before the disclosure takes place.

36. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of the United States District Court for the Northern District of California for the

purpose of any proceedings related to performance under, compliance with, or violation of this

Order.

IT IS SO STIPULATED.
Dated: October 1, 2013  Wilke, Fleury, Hoffelt, Gould & Birney, LLP

By: /s/ *Matthew W. Powell*
Matthew W. Powell
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814
Tel: (916) 441.2430

*Counsel for Non-Party San Francisco Health Plan*



STUART F. DELERY
Assistant Attorney General
MELINDA HAAG
United States Attorney

Dated: October 1, 2013  By: /s/ *Melanie L. Proctor*
Ila C. Deiss (NYBN 3052909)
Melanie L. Proctor (CABN 228971)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6730 (Proctor)


Michael D. Granston
Daniel R. Anderson
Edward C. Crooke
Meredith L. Toole
Civil Division, U.S. Department of Justice
Attorneys, Civil Division
United States Department of Justice
Ben Franklin Station, Box 261
Washington, D.C. 20044
Telephone: (202) 353-0426
edward.crooke@usdoj.gov

*Counsel for the United States*

|  |  |
|---|---|
|  | KAMALA D. HARRIS<br>Attorney General for the State of California |
| Dated: October 1, 2013 | By: /s/ *Lora Fox Martin*<br>Lora Fox Martin (CABN 168012)<br>Deputy Attorney General<br>California Attorney General's Office<br>Bureau of Medi-Cal Fraud and Elder Abuse<br>1455 Frazee Road, Suite 315<br>San Diego, CA 92108<br>Telephone: (619) 688-7905<br><br>*Counsel for the State of California* |
|  | Feldesman Tucker Leifer Fidell LLP |
| Dated: October 1, 2013 | By: /s/ *Nicole M. Bacon*<br>James L. Feldesman<br>Matthew S. Freedus<br>Marisa B. Guevara<br>Nicole M. Bacon[1]<br>1129 20th Street, NW, Fourth Floor<br>Washington, D.C. 20036<br>Telephone: (202) 466-8960 |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  10/17/2013

_____
Honorable Claudia Wilken
United States District Court

---

[1] I, Nicole M. Bacon, hereby attest that I gained the concurrence of all parties whose signatures are represented by a conformed "/s/" signature in the filing of this document.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER GOVERNING DISCOVERY FROM NON-PARTY SFHP IN THIS LITIGATION

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that

1. My present employer is _____

2. My present occupation or job description is _____

3. I have been informed of and have reviewed the Protective Order Governing Discovery From Non-Party SFHP In This Litigation ("Protective Order) entered in this Litigation, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *United States et al., v. North East Medical Services, Inc.*, Case No. 10-CV-1904 CW (N.D. Cal.), in accordance with the restrictions in the Protective Order, and to be subject to the authority of the United States District Court for the Northern District of California in the event of any violation or dispute related to this Protective Order.

4. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____  _____

[Printed Name]

_____

[Signature]

EXHIBIT B

CERTIFICATION OF CONSULTANT
TO BE BOUND BY PROTECTIVE ORDER
GOVERNING DISCOVERY FROM NON-PARTY SFHP

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me or of a competitor of any Party or Non-Party SFHP and will not use any information, documents, or things that are subject to the Protective Order Governing Discovery From Non-Party SFHP and will not use any information, documents, or things that are subject to the Supplemental Protective Order Governing Discovery From Non-Party SFHP ("Designated Material") in the matter of *United States et al., v. North East Medical Services, Inc.*, Case No. 10-CV-1904 CW (N.D. Cal.), to which I have access for any purpose other than this Litigation.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____   _____
                                                                                           [Printed Name]

                                                                                           _____
                                                                                           [Signature]