IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. LOI TRINH and ED TA-CHIANG HSU,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTHEAST MEDICAL SERVICES, INC.,<br><br>    Defendant. | No. C 10-1904 CW<br><br>ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (Docket No. 154) |
| NORTHEAST MEDICAL SERVICES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAL. DEP'T HEALTH CARE SERVICES; TOBY DOUGLAS, Director of the Cal. Department of Health Care Services; CAL. HEALTH & HUMAN SERVICES AGENCY; STATE OF CALIFORNIA; U.S. DEP'T HEALTH & HUMAN SERVICES; SYLVIA MATHEWS BURWELL, Secretary of Health and Human Services;<br><br>    Defendants. | No. C 12-2895 CW<br>(Docket No. 104) |
| NORTHEAST MEDICAL SERVICES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAL. DEP'T HEALTH CARE SERVICES; TOBY DOUGLAS, Director of the Cal. Department of Health Care Services; CAL. HEALTH & HUMAN SERVICES AGENCY; STATE OF CALIFORNIA,<br><br>    Defendants. | No. C 10-2433 CW<br>(Docket No. 99) |

| | |
|---|---|
| LA CLINICA DE LA RAZA, INC., | No. C 10-4605 CW |
| Plaintiff, | (Docket No. 83) |
| v. | |
| CAL. DEP'T HEALTH CARE SERVICES; TOBY DOUGLAS, Director of the Cal. Department of Health Care Services; CAL. HEALTH & HUMAN SERVICES AGENCY; STATE OF CALIFORNIA, | |
| Defendants. | |

The parties in these four related actions dispute the scope of their respective obligations under the Medicaid and Medicare Acts. In the first of these actions, the United States of America and the State of California (collectively, the Governments) assert claims against Northeast Medical Services, Inc. (NEMS) under the federal False Claims Act (FCA) and California False Claims Act (CFCA). NEMS asserts counterclaims for declaratory and injunctive relief in that action and, in a separate action, asserts related claims challenging the Governments' implementation of the Medicaid program. Finally, in the two remaining actions, NEMS and La Clinica de la Raza, Inc. (collectively, the Centers) assert claims for declaratory and injunctive relief against various California healthcare agencies and administrators, challenging their implementation of the Medicare Part D program.

In May 2014, the Court issued an order granting in part and denying in part the Governments' motion for summary judgment and denying the Centers' cross-motion for summary judgment. The Centers move for leave to file a motion for reconsideration of that order. After considering the parties' submissions, the Court

2

denies the Centers' motion for leave to file a motion for reconsideration.

BACKGROUND

The Centers are nonprofit healthcare organizations which provide medical services to low-income communities in the San Francisco bay area. Each organization receives funding from the United States and the State of California under the Medicaid and Medicare programs for operating as a "federally-qualified health center" (FQHC). As a condition of this funding, the organizations are required to report certain information about their operations and finances to the Governments.

Two of these actions (Civil Case Nos. 10-1904 and 12-2895) arise out of a dispute concerning the scope of NEMS's financial reporting obligations under the Medicaid Act. The other two actions (Civil Case Nos. 10-2433 and 10-4605) arise out of a dispute concerning the Governments' chosen method of reimbursing the Centers for certain services they provide under the Medicare Part D program. Because the May 2014 summary judgment order sets out the relevant facts underlying these disputes in greater detail, the Court does not repeat those facts here.

DISCUSSION

I.  Motion for Reconsideration

Under Civil Local Rule 7-9(b), a party seeking leave to file a motion for reconsideration must show (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) the "emergence of new material facts or a change of law occurring after the time of such order";

3

or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Here, the Centers move for leave to file a motion for reconsideration based on the Court's purported failure to consider material facts or dispositive legal arguments raised prior to the summary judgment ruling.  None of the Centers' bases for seeking reconsideration is persuasive.

A.   Denial of NEMS's Summary Judgment Motion

NEMS asserts that the Court erred in denying its motion for summary judgment on the Governments' FCA and CFCA claims against it.  Specifically, it contends that the Court failed to consider the Governments' admission that NEMS was not required to report all of the payments it received from the San Francisco Health Plan (SFHP) on the reconciliation request forms that NEMS submitted to the California Department of Health Care Services (DHCS) between 2001 and 2010.

This argument fails for two reasons.  First, the Governments did not expressly concede that NEMS was not required to report all of the payments it received from SFHP on its reconciliation request forms.  Rather, the Federal Government acknowledged at the summary judgment hearing that it was not seeking to <u>recover</u> all of the funds that NEMS received from SFHP.  Hrg. Tr. 14:3-:7 (noting that certain services fall "outside the FQHC ambit, and those are not included in the money that we're seeking to recover").  NEMS has not cited any other statements by the Governments to suggest that they concede that NEMS was not required to report all of the

4

payments it received from SFHP on its reconciliation requests during the relevant period.

Second, even if the Governments had made such a concession, this would not be sufficient to establish that NEMS never violated the FCA or CFCA. Once again, the Governments allege that NEMS knowingly failed to report certain payments that it was required to disclose on the reconciliation request forms it submitted to DHCS. NEMS's failure to report any required information would potentially violate the FCA or CFCA, regardless of whether the required but omitted information encompassed all of the payments it received from SFHP or merely some subset thereof. The relevant distinction, in short, is not whether or not NEMS was required to report <u>all</u> of the payments it received from SFHP but, rather, whether it knowingly withheld any information about those payments that it was required to report. Because the parties dispute the scope of NEMS's reporting obligations, the Court was not able to resolve this question on summary judgment. Thus, the Court will not reconsider its denial of NEMS's motion for summary judgment on the Governments' FCA and CFCA claims.

B.   NEMS's Request for Clarification

In the alternative to its request for leave to seek reconsideration of the Court's ruling on the FCA and CFCA claims, NEMS asks the Court to (1) "identify the controlling law or legal standard that the court will apply to determine whether NEMS' reconciliation requests were false"; (2) "determine whether NEMS' claims were false under the applicable law"; and (3) "identify the material facts in dispute that relate to the applicable law and/or legal standards." Mot. Reconsid. 4.

Much of the information that NEMS seeks is explicitly set forth in the Court's prior orders. The summary judgment order, for instance, specifically identifies the central disputes of material fact in this case. NEMS itself refers to these factual disputes throughout the instant motion, which suggests that it does not need further clarification in this regard. See Case No. 10-1904, Docket No. 154, Centers' Mot. Leave File Mot. Reconsid., at 9 ("The dispute in the FCA and CFCA claims is whether NEMS was required to report all of its managed care plan payments from SFHP, a managed care organization, on its reconciliation requests."); Case No. 10-1904, Docket No. 155, NEMS's Mot. Exclude Expert Testimony, at 3 (noting that the reconciliation request "reporting standard is, of course, disputed"). The summary judgment order also outlines the specific legal standards that apply under the FCA and CFCA. See May 13, 2014 Order at 14. NEMS has not identified any specific sources of ambiguity in these legal standards. Finally, NEMS's request for the Court to "determine whether NEMS's claims were false under the applicable law" is premature; this determination will be made at trial.

Accordingly, NEMS's sweeping request for clarification of the applicable legal standards and disputed factual issues is not justified and must be denied.

C.   Timely Payment Action

As explained in prior orders, NEMS seeks an injunction requiring DHCS to make timely wraparound payments, as required by 42 U.S.C. § 1396a(bb)(5). In its summary judgment order, the Court found that NEMS had presented sufficient evidence to support an inference that DHCS's current system for making wraparound

6

payments generally violates 42 U.S.C. § 1396a(bb)(5).  The Court declined to grant summary judgment to NEMS, however, because "a dispute of material fact remains as to whether or not DHCS's wraparound payment system fully compensated NEMS in particular for its FQHC services."  May 13, 2014 Order 22.  The Court specifically highlighted a factual dispute concerning whether or not NEMS was overpaid for the FQHC services that it provided between 2001 and 2010.

NEMS contends that this factual dispute concerning past payments should not have precluded the Court from granting summary judgment on its claim for prospective relief.  This argument, however, overlooks the fact that any overpayments that NEMS received in the past would necessarily affect how much money it is owed in the future and, thus, how large DHCS's wraparound payments must be to ensure that NEMS is fully compensated.  If the Governments did, in fact, overpay NEMS for its FQHC services between 2001 and 2010, then its current system of making reimbursement payments to NEMS may be lawful because it would not leave NEMS undercompensated.  Thus, NEMS's most recent argument does not justify granting it leave to seek reconsideration of the Court's summary judgment order.

D.  Factual Errors Regarding Medicare Part D Program

The Centers contend that the Court's summary judgment order contains certain misstatements of fact.  Most of these purported misstatements are highly technical and mirror statements previously made by both the Ninth Circuit and the Centers themselves.  Most importantly, none of the purported misstatements that NEMS has identified is material to any dispositive legal or

7

factual questions in this case.  Accordingly, these purported misstatements of fact do not provide grounds for granting the Centers leave to seek reconsideration.

E. Construction of Ninth Circuit Opinion

The Centers raise several arguments based on the Court's construction of the Ninth Circuit's April 2013 opinion in the Medicare Part D actions.

First, they argue that the Court erred in concluding that the Ninth Circuit affirmed the dismissal of their claims to recover certain Medicare Part D funds.  This argument ignores the plain language of the Ninth Circuit's opinion.  As explained in the summary judgment order, the Ninth Circuit unequivocally affirmed the dismissal of all of the Centers' claims for monetary relief. It expressly held, "The Eleventh Amendment bars the Centers' claims for money damages." NEMS v. DHCS, 712 F.3d 461, 466 (9th Cir. 2013); see also id. at 469 ("The Eleventh Amendment bars the Centers' claims, even though they argue they seek only the return of improperly seized property.").  Once again, the Ninth Circuit remanded the Medicare Part D actions for this Court to resolve the narrow question of whether or not the Centers' remaining claims in those actions could be construed as claims for prospective injunctive relief.  This Court concluded that their remaining claims could not be so construed and therefore granted summary judgment to the Governments on those claims.

The Centers' arguments that the Court reached this conclusion in error rest on arguments that they failed to raise earlier.  For instance, in arguing that the Court erred in granting summary judgment to the Governments on NEMS's remaining Medicare Part D

8

claim, the Centers rely principally on the Ninth Circuit's decision in Cardenas v. Anzai, 311 F.3d 929 (9th Cir. 2002), a case which they failed to cite in either of their summary judgment briefs. They fail to address the Ninth Circuit's more recent decision in Independent Living Center of S. Cal. v. Maxwell-Jolly, 572 F.3d 644, 661 n.19 (9th Cir. 2009), vacated and remanded on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc., 132 S. Ct. 1204 (2012), which formed the basis of the Court's conclusion that NEMS's Medicare Part D claim sought retrospective -- not prospective -- relief.

Similarly, the Centers' argument that the Court erred in granting summary judgment to the Governments on La Clinica's remaining Medicare Part D claim rests on their contention that Option 1 is illegal -- an argument that they expressly waived. As previously noted, during the summary judgment hearing, counsel for La Clinica stated that "it's irrelevant for the purposes of this case" whether or not Option 1 is illegal. Hrg. Tr. 24:14-:18. Later in the hearing, the Court asked La Clinic's counsel directly: "All I want to know is, do I have to worry about whether Option One is illegal or not?" Id. 25:16-:17. La Clinica's counsel replied, "You do not." Id. 25:18. In light of these statements, La Clinica cannot now argue that the Court failed to consider its argument that Option 1 is illegal.

In sum, none of the arguments raised in the Centers' recent motion justify granting it leave to pursue reconsideration of the Court's summary judgment order.

9

CONCLUSION

For the reasons set forth above, the Centers' motion for leave to file a motion for reconsideration (Case No. 10-1904, Docket No. 154; Case No. 12-2895, Docket No. 104; Case No. 10-2433, Docket No. 99; Case No. 10-4605, Docket No. 83) is DENIED.

A final pretrial conference will be held at 2:00 p.m. on October 8, 2014. A five-day jury trial will commence at 8:30 a.m. on November 3, 2014.

IT IS SO ORDERED.

Dated: August 18, 2014

CLAUDIA WILKEN
United States District Judge