IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. LOI TRINH and ED TA-CHIANG HSU,<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTHEAST MEDICAL SERVICES, INC.,<br><br>    Defendant.<br>_____/ | No. C 10-1904 CW<br><br>ORDER GRANTING IN PART MOTION to EXCLUDE EXPERT TESTIMONY (Docket No. 155) |

    In this case, the United States of America and the State of California (collectively, the Governments) assert claims against North East Medical Services, Inc. (NEMS) under the federal False Claims Act (FCA) and the California False Claims Act (CFCA), related to NEMS's obligations under the Medicaid and Medicare Acts. NEMS asserts counterclaims for declaratory and injunctive relief.[1]

    NEMS seeks an order excluding the expert report and testimony of Stan Rosenstein, or, in the alternative, an order requiring that the Governments supplement Mr. Rosenstein's expert report and thereafter granting NEMS an opportunity to supplement its rebuttal expert disclosures. After considering the parties' submissions, the Court GRANTS NEMS's motion IN PART.

---

[1] The present motion does not implicate three related cases: North East Medical Services v. California Department of Health Care Services, No. CV-12-2895-CW; North East Medical Services v. California Department of Health Care Services, No. CV-10-2433-CW; and La Clinica de la Raza, Inc. v. California Department of Health Care Services, No. CV-10-4605.

BACKGROUND

NEMS is a nonprofit healthcare organization which provides medical services to low-income communities in the San Francisco Bay Area, and which receives funding from the United States and the State of California under the Medicaid and Medicare programs for operating as a "federally-qualified health center." As a condition of this funding, NEMS is required to report certain information about its operations and finances to the Governments.

In May 2014, after deciding dispositive motions, the Court entered a scheduling order that provided a deadline of June 30, 2014 for expert disclosures and reports. Stip. (Docket No. 149); Order (Docket No. 150) (granting stipulation). On June 30, 2014, the Governments served Mr. Rosenstein's report on NEMS. Decl. Fox. ¶ 4 (Docket No. 157); Gov'ts' Exs. A1-A2 (Docket Nos. 158-1; 158-2). On July 1, 2014, NEMS objected by email that, among other things, Mr. Rosenstein's report did not sufficiently identify the facts and data that he had relied upon in reaching his opinions. Decl. Bacon Ex. B (Docket No. 155-2).

On July 3, 2014, the Governments served NEMS with a supplemental report which provided more detail about facts and data that Mr. Rosenstein relied upon. Decl. Bacon Ex. C (Docket No. 155-3). NEMS again objected that the supplemental report did not sufficiently identify the facts and data that Mr. Rosenstein considered. Specifically, NEMS requested that Mr. Rosenstein produce or identify by Bates number certain documents or document sets named in his report and supplement; that he identify and provide version numbers and complete citations for certain government documents he may have considered; and that he produce

2

or identify by Bates number the facts and data used to create three tables contained in his report. Gov'ts' Ex. B (Docket No. 158-3). On July 8, 2014, the Governments responded that they believed Mr. Rosenstein's report, as supplemented, "fully satisfies the disclosure requirements of Rule 26(a)(2)," and that the documents relied upon "were produced in the course of discovery and are in NEMS's possession." Id. Two days later, on July 10, 2014, NEMS made this motion. On July 14, 2014, NEMS served upon the Governments its rebuttal expert report. Decl. Fox ¶ 9.

In its motion, NEMS argues (1) that Mr. Rosenstein's expert report should be excluded as both untimely under the Court's scheduling order and insufficient under Federal Rule of Civil Procedure 26(a)(2); and (2) that his report sets forth a new theory not articulated in the Governments' amended complaint-in-intervention and, therefore, that it runs afoul Federal Rule of Civil Procedure 9(b).

## LEGAL STANDARD

### I. Rules 26 and 37

Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert witness's written report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001). That rule states:

> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "In determining whether this sanction should be imposed, the burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." <u>Torres v. City of Los Angeles</u>, 548 F.3d 1197, 1213 (9th Cir. 2008). Although some Rule 37 sanctions may only be imposed after a party violates a court order, <u>see</u> Fed. R. Civ. P. 37(b)(2), the sanction of exclusion provided in Rule 37(c)(1) is "self-executing," even if a party has not violated a court order. <u>Yeti by Molly</u>, 259 F.3d at 1106. However, Rule 37(c)(1) also allows the court to order "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C).

II.  Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The FCA is an anti-fraud statute. As

4

such, . . . complaints brought under the FCA must fulfill the requirements of Rule 9(b)." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (citations omitted). To satisfy the heightened pleading standards of Rule 9(b), a plaintiff must describe "the who, what, when, where, and how" of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). A plaintiff must describe the alleged fraud in specific enough terms "to give defendants notice of the particular misconduct so that they can defend against the charge." Id. A plaintiff may amend its complaint to assert a new theory of fraud, so long as that new theory is plead with the particularity required by Rule 9(b); however, a plaintiff may not assert a theory of fraud that is not plead in accordance with Rule 9(b). Bank of Am., N.A. v. Bear Stearns Asset Mgmt., 969 F. Supp. 2d 339, 352 (S.D.N.Y. 2013) (a "new theory . . . not pled as required by Rule 9(b) . . . is therefore waived") (citing SEC v. Lyon, 605 F. Supp. 2d 531, 550 (S.D.N.Y. 2009)).

                              DISCUSSION
I.   Motion to Exclude Expert Testimony
     A.   Timeliness and Sufficiency of Mr. Rosenstein's Report
     NEMS's timeliness and sufficiency arguments are interrelated. Essentially, NEMS argues that, although Mr. Rosenstein's initial report was timely, it was not sufficient, and that because the deadline has passed and the Governments have not cured the alleged deficiencies, Mr. Rosenstein's report is therefore both untimely and insufficient.

     Although Mr. Rosenstein's report was timely, it remains, even as supplemented, insufficient in that it identifies several

5

documents (or categories of documents) simply by name and not by Bates number.  NEMS should not have to wade through voluminous discovery in an attempt to locate "NEMS Cost Reports," or to determine what is meant by "Review Data for NEMS Clinics."  See Decl. Bacon Ex. C at 4.

However, this shortcoming is not so egregious as to warrant the exclusion of Mr. Rosenstein's report.  Therefore, in accordance with Rule 37(c)(1)(C), NEMS's motion is GRANTED IN PART such that, (1) within seven days after this Order, the Governments shall further supplement Mr. Rosenstein's report by producing or identifying by Bates number the document or documents referred to as "Review Data for NEMS Clinics," "NEMS Reconciliation Requests," "NEMS Cost Reports," and "Change in Scope of Services Form and Instructions"; (2) within seven days after the Governments serve NEMS with the additional supplementation described above, NEMS may supplement its rebuttal expert report; and (3) expert discovery shall close twenty-one days after the date of this Order.

B. Whether Mr. Rosenstein's Report Sets forth a "New Theory" of Fraud

In their amended complaint-in-intervention, the Governments "assert that NEMS violated the FCA and CFCA by underreporting the payments it received from [the San Francisco Health Plan] on the reconciliation requests it submitted to [the California Department of Healthcare Services] between 2001 and 2010."  Order on Mots. Summ. J. at 14 (Docket No. 147).

NEMS argues that Mr. Rosenstein's report sets forth a new theory of fraud.  NEMS bases its argument on the fact that Mr. Rosenstein's report begins with a discussion of NEMS's 2000 cost

6

report, even though the amended complaint-in-intervention "does not even mention the term or concept of a 'cost report,' much less facts and circumstances suggesting that a cost report had been <u>falsified</u> or a per-visit rate had been <u>fraudulently inflated</u> . . . ."  Mot. at 5 (Docket No. 155).

The Court is not persuaded.  Mr. Rosenstein's report merely reviews NEMS's 2000 cost report as a starting point for evaluating the reconciliation requests at issue in the amended complaint-in-intervention.  This does not constitute a new theory of fraud that would require a new pleading under Rule 9(b).  Accordingly, the Court finds no reason to exclude Mr. Rosenstein's report.

## CONCLUSION

For the reasons set forth above, NEMS's motion (Docket No. 155) is GRANTED IN PART, as set forth above.

IT IS SO ORDERED.

Dated: 9/2/2014

CLAUDIA WILKEN
United States District Judge