UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., | No. C 10 1904 CW (LB) |
| Plaintiff(s), | |
| v. | |
| NORTH EAST MEDICAL SERVICES, | |
| Defendant(s). | |

The parties put a settlement in this case on the record on September 4, 2014. That agreement subsequently was transcribed by a court reporter. The court retained jurisdiction to enforce the settlement agreement. The government then lodged a motion to enforce the settlement agreement. The issue is that the parties have not finalized their written settlement agreement.

There can be no lodging of a motion. It must be filed and properly noticed for a hearing under the local rules. If there are sealing issues, then they must be addressed under the local rules too. If the government has authority to the contrary, then it can provide it to the court. But enforcement of settlement agreements is a question of contract enforcement, and absent the court's retention of jurisdiction, the parties would have had to go to the presiding district judge. Moreover, the court knows that the Department of Justice has rules about sealed proceedings. Finally, it is one thing to invoke the court's settlement cloak and another to seek enforcement of a contract. One is privileged, and the other generally is public.

Given that the problem revolves around drafting, and given the upcoming deadlines for the parties' pretrial exchanges, the court obtained the parties' latest drafts and turned around its own redlined edits of each of their versions to try to reconcile the parties' differences. The court now

ORDER
C 10-01904 CW (LB)

1  orders the following additional process.

2  One, in five business days (and Friday, November 28, 2014 is the first business day), the parties
3  must finalize their written settlement agreement. The material terms are on the record in the
4  transcript (and the court will email a copy to the parties today). The court does not expect deviation
5  from the parties' agreement. NEMS must start by re-editing its draft as explained in the court's
6  separate settlement email.

7  Two, the fifth business day is Thursday, December 4, 2014. If the agreement is not finalized by
8  then, then all parties (including anyone with authority to sign the written settlement agreement or
9  anyone who has authority to accept or reject a specific term) must meet and confer in person in the
10 United States Attorney's Office beginning at 8:30 a.m. The court will reserve two hours from noon
11 to 2 p.m. that day to assist with any issues. The parties should not expect any additional time that
12 day. The court may order all parties back for the following Monday

13 Three, the government's properly filed and noticed motion must contain transcript cites for each
14 material term (as opposed to its lodged draft, which generally refers generically to the transcript and
15 only rarely provides pin cites).

16 Four, the government must file a chart in two business days with the remaining deadlines for the
17 parties (including dates for pretrial meetings by counsel, filing dates, pretrial conferences, and the
18 like). A sample follows but the parties' version must include all relevant district court dates.

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Meet and confer re pretrial filings | |
| Pretrial filings due | |
| Oppositions, Objections, Exhibits, and Depo Designations due | |
| Final Pretrial Conference | |
| Trial | |
| Length of Trial | |

**IT IS SO ORDERED.**

Dated: November 27, 2014

LAUREL BEELER
United States Magistrate Judge

ORDER
C 10-01904 CW (LB)                              2