UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, *ex rel.* TRINH and HSU,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>NORTH EAST MEDICAL SERVICES, INC.,<br><br>　　　　Defendant.<br>_____/ | No. 10-cv-1904 CW (LB)<br><br>**REPORT AND RECOMMENDATION REGARDING JUDGMENT** |
| NORTH EAST MEDICAL SERVICES, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. 12-cv-2895 CW (LB) |

On January 13, 2015, the court entered an order enforcing the parties' oral settlement agreement. *See* ECF No. 226.[1] The court retained jurisdiction when the parties put their agreement on the record, and the parties also consented separately to the undersigned's jurisdiction to hear the motion

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents. For ease of reference, all citations are to material filed in case 10-1904.

REPORT AND RECOMMENDATION (C 10-1904 CW (LB); C 12-2895 CW (LB))

to enforce. (*See* ECF No. 189-11 at 11 & 14; ECF No. 220.) Because the undersigned had jurisdiction only over the motion, the court issues this recommendation to the district court to enter a judgment.

The consent provided that the appeal from the undersigned's order on the motion to enforce settlement was to the Ninth Circuit. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal is 60 days after entry of the judgment or the order appealed from. Ninth Circuit authority holds that an order enforcing a settlement can be an appealable order if it is "sufficiently injunctive in nature" to support the exercise of appellate jurisdiction under 28 U.S.C. section 1292(a)(1) (interlocutory appeals from injunctions). *See Smith v. Eggar*, 655 F.2d 181, 184-85 (9th Cir. 1981). If this route is to be taken, the order enforcing the settlement must specify the terms of the settlement in the order (as this court's order does); it cannot simply incorporate them by reference. *See Storrs v. Hughes Aircraft Co.*, 103 F.3d 140 (9th Cir. 1996) (unpublished); *William Keeton Enters., Inc. v. A All American Strip-O-Rama, Inc.*, 74 F.3d 178, 182-83 (9th Cir. 1996) (because district court's enforcement order did not specify the terms and conditions of the settlement agreement but incorporated them by reference, the order would have to be vacated for failing to comply with Fed. R. Civ. P. 65(d)).

The other option for ensuring a clean record for appeal is to issue a judgment. This is what the district court did in the Facebook litigation, No. C07-01389 JSW. On June 25, 2008, Judge Ware issued an order enforcing the settlement agreement. (ECF No. 461.) In the conclusion of that order, he told the parties to appear on July 2, 2008 and show cause why a judgment should be entered ordering the parties to take the actions that the settlement agreement required of them. He also directed them to submit a proposed form of judgment. It does not appear that they did that. Regardless, on July 2, 2008, Judge Ware entered a judgment enforcing the settlement agreement. (ECF No. 476.) On July 30, 2008, Defendant filed a notice of appeal, appealing the July 2, 2008 judgment and a few other orders.

Under the circumstances, and to allow a clear point of reference for any appeal or the administration of the case here at the trial level, the court recommends that the district court enter a similar judgment here. The ordinary 14-day period for objecting to the recommendation will allow

1  the parties to consider whether a different approach makes better sense. If there is no objection to the
2  entry of a judgment, the court orders the parties to submit a proposed form of judgment to the
3  district court. Also, the undersigned is willing to address any issues, either by referral from the
4  district judge or by agreement of the parties.

5  Any party may file objections to this Report and Recommendation with the district judge within
6  14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.
7  Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the
8  district court.

9  **IT IS SO RECOMMENDED.**

10 Dated: January 15, 2015                  _____
11                                           LAUREL BEELER
                                             United States Magistrate Judge