IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. LOI TRINH and ED TA-CHIANG HSU,<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTHEAST MEDICAL SERVICES, INC.,<br><br>    Defendant.<br>_____/ | No. C 10-1904 CW<br><br>ORDER GRANTING MOTION FOR RELATORS' ATTORNEYS' FEES AND COSTS<br><br>(Docket No. 259) |

    Loi Trinh and Ed Ta-Chiang Hsu (Relators) move for attorneys' fees and costs under 31 U.S.C. § 3730(d)(1) and California Government Code section 12652(g)(8). The Court grants Relators' motion as outlined below, and awards $386,508.00 in fees and $2,745.92 in costs.

## BACKGROUND

    This action arose out of a dispute concerning the scope of the financial reporting obligations owed by Defendant Northeast Medical Services, Inc. (NEMS) under the Medicaid Act. In May 2010, Relators, two former NEMS employees, filed this qui tam action against NEMS. Relators asserted claims on behalf of both the United States of America and the State of California (collectively the Governments) under the False Claims Act, 31 U.S.C. §§ 3729 et seq., and the California False Claims Act, Cal. Gov't Code §§ 12650 et seq. The United States elected to intervene in August 2012, Docket No. 17, and the State of California followed suit in January 2013, Docket No. 24.

Thereafter, the Governments filed their joint Complaint-In-Intervention against NEMS, in which they alleged that NEMS failed to disclose on its annual reconciliation requests all of the payments it received from the San Francisco Health Plan.  Docket No. 26.  As a result of this failure to report, the Governments alleged, NEMS received roughly twenty million dollars in reconciliation payments between 2001 and 2010 to which it was not entitled.  On January 13, 2015, Magistrate Judge Beeler enforced a settlement to which the parties had agreed.  Docket Nos. 223, 225 and 229.  The Court entered judgment on August 19, 2015, which requires NEMS to pay the Governments eight million dollars plus interest, among other things.  Docket No. 256.  The Court denied NEMS's motions to vacate Magistrate Judge Beeler's order and the judgment entered in this case.[1]

Relators filed this motion timely on September 1, 2015.  Docket No. 259; see also Docket No. 256; L.R. 54-5(a).  Relators timely filed their Bill of Costs the following day.  Docket Nos. 256 and 263; Civ. L.R. 54-1(a).  NEMS filed a response on September 15, 2015, Docket No. 266, and Relators filed a reply on September 22, 2015, Docket No. 270.  Following the Court's order to file supplemental documentation, Docket No. 273, Relators' counsel filed a supplemental declaration with redacted timesheets attached, Docket No. 274.  Relators' motion satisfies the requirements of Civil Local Rule 54-5(b).

---

[1] The Court did, in fact, have the authority to enter Judgment in this case, as explained in the order denying NEMS's motions to alter, vacate or set aside judgment.  See Docket No. 259 at 7.

2

## DISCUSSION

Under both federal and state law, Relators are entitled to reasonable attorneys' fees and costs. 31 U.S.C. § 3730(d)(1); Cal. Gov't Code § 12652(g)(8).

## I. Attorneys' Fees

Relators brought and prevailed in both federal and California state law claims. The Court applies both state and federal law because both result in the same fee award. In California, as in the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001) (citing Serrano v. Priest (Serrano III), 20 Cal. 3d 25 (1977)); Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The "lodestar" is calculated by compiling the number of hours spent on litigating the case and multiplying it by a reasonable hourly rate of compensation for each attorney. Ketchum, 24 Cal. 4th at 1131-32; Morales, 96 F.3d at 363. A court may adjust the lodestar to address particular circumstances of the lawsuit. Maria P. v. Riles, 43 Cal. 3d 1281, 1294 n.8 (1987) (citing Serrano III, 20 Cal. 3d at 49); Morales, 96 F.3d at 363-64 (permitting adjustments "that are not already subsumed in the initial lodestar calculation").

### A. Hourly Rate

Relators seek fees for two attorneys: James T. Diamond at a rate of $625.00 per hour and Xochitl Carrion at a rate of $285.00 per hour. Docket No. 260, Diamond Dec. ¶ 13. NEMS "does not dispute the reasonableness of Relators' counsel's hourly rates." Docket No. 266 at 2 n.2.

Determining a reasonable hourly rate is a critical inquiry. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The fee applicant has the burden to produce evidence, other than the declarations of interested counsel, that the requested rates are in accordance with those prevailing in the community for attorneys of comparable skill and reputation. Id. at 1263; see also Ketchum, 24 Cal. 4th at 1132. In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. See Cabrales v. Cnty. of L.A., 864 F.2d 1454, 1464 (9th Cir. 1988), vacated, 490 U.S. 1087, remanded to 886 F.2d 235 (reinstating the original opinion). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. Morales, 96 F.3d at 363-64. Other factors that can be considered are (1) the time and labor required; (2) the preclusion of employment by the attorney due to acceptance of the case; (3) time limitations imposed by the client or circumstances; (4) the amount involved and the results obtained; (5) the "undesirability" of the case; and (6) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

The Court agrees with the parties that the proposed rates are reasonable for several reasons. The requested rates are in accordance with comparable rates within the community for comparable work. See Docket No. 261. Further, state and federal false claims suits are complex, and Relators' counsel have handled

4

this years-long and highly-contested case with skill.  Finally, an eight million dollar judgment is an excellent outcome.  The Court proceeds using the agreed-upon rates.

B. Hours Expended

Under federal law, "the fee applicant bears the burden of submitting 'evidence supporting the hours worked . . . .'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 433).  This requires the fee applicant to "show that the time spent was reasonably necessary and that its counsel made 'a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary.'"  Jordan, 815 F.2d at 1263 n.8 (quoting Sealey, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 (9th Cir. 1984)).  California law also requires a fee applicant to submit evidence supporting the fee award.  See, e.g., Martino v. Denevi, 182 Cal. App. 3d 553, 559 (1986) (concluding that the testimony of an attorney as to the number of hours worked sufficed); Weber v. Langholz, 39 Cal. App. 4th 1578, 1586-87 (1995) (holding that an applicant's declaration with hourly rate, statement that all fees were connected to services, total amount of money, and a general description of the work done sufficed).  Here, under both federal law and California law, Relators have satisfied this burden. Relators' counsel described the work performed and submitted redacted timesheets.  Docket No. 259 at 8-11[2]; Docket No. 260 ¶¶ 7, 15-25; Docket No. 274.

---

[2] Page numbers refer to the docketed page numbers.

5

Originally, Relators sought fees for Mr. Diamond for 595.7 hours and for Ms. Carrion for 83.8 hours. Docket No. 259 at 11. Relators updated their request by reducing Mr. Diamond's hours five percent to 565.7 hours in response to one of NEMS's arguments, discussed below. Docket No. 270 at 8. Relators also requested fees for fifteen additional hours for Mr. Diamond's work relating to the reply brief for this motion and other post-judgment work. Id.

NEMS's arguments in response to the motion relate to the number of hours Relators' attorneys worked.[3] First, NEMS argues that Relators are not entitled to fees stemming from a forfeited claim. Docket No. 266 at 5-6. Relators' initial complaint contained two claims: the Medi-Cal claim in which the Governments ultimately intervened and a separate Medicare claim. Id. at 5. Relators later notified the Court that the Governments' Complaint-In-Intervention superseded their original complaint, and that Relators no longer intended to pursue the Medicare claim. Docket No. 86 at 2. Relators agree that they should not receive fees for the forfeited claim. Docket No. 270 at 6. Following the Court's order for supplemental documentation, Relators submitted more detailed timesheets and a declaration noting which entries related to both claims and which entries related to the forfeited claim. Docket No. 274. Mr. Diamond declared that 45.2 hours worth of entries were evenly split between the two claims. Id. ¶ 3. He

---

[3] NEMS argues that Relators have not provided enough information to support their motion. Docket No. 266 at 3-5. The Court need not discuss this argument because, ultimately, Relators filed the billing records upon which the fee motion is based. Docket No. 274.

further declared that 7.9 hours worth of entries related to time spent solely on the forfeited claim. Id. ¶ 4.

The Court agrees that fees should not be awarded for the forfeited claim. The number of hours for which Mr. Diamond is entitled to claim fees is equal to the total number of hours claimed (610.7)[4] minus half of the split time (22.6) and minus his time spent on the forfeited claim (7.9). Thus, the Court will award Mr. Diamond fees for 580.2 hours.

Second, NEMS argues that the attorneys' fees motion is unreasonable because it fails to disentangle how much time Relators' attorneys spent on a "theory of liability" from which the Governments purportedly shifted. Docket No. 266 at 6-8. According to NEMS, the Governments' Complaint-In-Intervention rested on a theory that NEMS failed to report all revenue received, but after summary judgment the Governments contended that NEMS had built the cost of third-party services into its rate. Id. at 6-7. NEMS cites no legal authority in support of its argument that it must be able to separate time spent on different legal theories to rebut the fees motion.

NEMS's premise is faulty under both federal and state attorneys' fees law. The Supreme Court explained in Hensley that, where a plaintiff brings multiple unrelated claims in a single lawsuit and is successful on some but not others, "no fee may be awarded for services on the unsuccessful claim." 461 U.S. at 435. Conversely, a plaintiff's claims may "involve a common core of

---

[4] This number is equal to the total number of hours originally claimed, 595.7 hours, plus the supplemental hours for reply briefing and post-judgment work, fifteen hours.

7

facts or will be based on related legal theories." Id. In these instances, the lawsuit "cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id.; see also Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1063 (9th Cir. 2006); Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003) (related claims "involve a common core of facts or are based on related legal theories") (emphasis in original). California courts and courts calculating attorneys' fees under California law have adopted this approach. See, e.g., ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1018-19 (2001) (adopting the Hensley approach to relatedness in the private attorney general context); Trulsson v. Cnty. of San Joaquin Dist. Attorney's Office, 2014 WL 5472787, at *4-*5 (E.D. Cal.) (applying the Hensley approach to relatedness to a state Fair Employment and Housing Act claim); Nguyen v. Wells Fargo & Co., 2015 WL 78738 (Cal. App.) (describing this concept as the inquiry that applies in "cases of limited success" in California).

Here, Relators' claims and the Governments' claims involved a common core of facts, which alone suffices to demonstrate that the work performed was for a single related claim. Further, the two legal theories were related; thus the Court need not decide whether the two legal theories NEMS describes are actually distinct. The Court will not reduce attorneys' fees for hours spent on the initial "theory."[5]

---

[5] The Court need not address Relators' other arguments in response to NEMS's relatedness argument in the reply brief.

8

In sum, the Court awards Relators' counsel the following fees.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| James T. Diamond | 580.2 | $625.00 | $362,625 |
| Xochitl Carrion | 83.8 | $285.00 | $23,883 |

The Court need not adjust the award for any other reason. See Morales, 96 F.3d at 363-64.

II. Costs

Relators move for costs for fees to the Clerk and interpreters. The Court finds these costs reasonable.

CONCLUSION

For the foregoing reasons, the Court awards to Relators' counsel $386,508.00 in fees and $2,745.92 in costs. NEMS shall pay this sum forthwith.

Dated: February 17, 2016

CLAUDIA WILKEN
United States District Judge