XAVIER BECERRA
Attorney General of California
GERALD ENGLER
Chief Assistant Attorney General
BRIAN V. FRANKEL
Supervising Deputy Attorney General
LORA FOX MARTIN
Deputy Attorney General
State Bar No. 168012
DAVID B. SONGCO
State Bar No. 164296
Deputy Attorney General
 1455 Frazee Rd., Ste. 315
 San Diego, CA 92108
 Telephone: (619) 688-7905
 Fax: (619) 688-4200
 E-mail: Lora.Martin@doj.ca.gov
          David.Songco@doj.ca.gov
*Attorneys for the State of California*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>NORTH EAST MEDICAL SERVICES, INC.,<br><br>       Defendant. | CASE NO. 10-cv-1904 CW<br><br>**NOTICE OF SETTLEMENT** |

### NOTICE OF SETTLEMENT

On February 15, 2019, the parties signed the State Settlement Agreement and Release (Agreement). Pursuant to the policy of the California Attorney General's Office to make all settlements public, a fully executed copy of the Agreement is attached hereto as Exhibit A.

1

**Notice of Settlement**
**10-cv-1904 CW**

Respectfully submitted,

XAVIER BECERRA
Attorney General of California

Date: March 28, 2019

*[signature]*

LORA FOX MARTIN
DAVID B. SONGCO
Deputy Attorneys General
Attorneys for the State of California

**Notice of Settlement**
**10-cv-1904 CW**

2

# EXHIBIT A

## STATE SETTLEMENT AGREEMENT AND RELEASE

### PARTIES

This Settlement Agreement ("Agreement") is entered into by the State of California, acting through the California Department of Justice, Office of the Attorney General, Bureau of Medi-Cal Fraud and Elder Abuse, and on behalf of the California Department of Health Care Services ("DHCS") ("the State" or "California"); and North East Medical Services ("NEMS"), (collectively, "the Parties") through their authorized representatives.

### PREAMBLE

On May 3, 2010, a civil action was filed in the United States District Court for the Northern District of California, captioned *United States and California ex rel. et al. v. North East Medical Services*, case number 10-cv-1904 CW (hereinafter "the Civil Action"). The United States and California subsequently intervened in the Civil Action and on January 15, 2013 filed an Amended Complaint-in-Intervention asserting both legal and equitable civil claims against NEMS.

On June 4, 2012, NEMS filed a Complaint in the United States District Court for the Northern District of California, captioned *North East Medical Services, Inc. v. the California Department of Health Care Services*, case number 12-cv-2895 CW.

In consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant to resolve these two lawsuits as set forth in the following Terms and Conditions.

### TERMS AND CONDITIONS

1. The State will file, within five (5) business days after the Effective Date of this Agreement, the State's Second Amended Complaint-in-Intervention (hereinafter the "Operative Complaint"), attached hereto as Exhibit A, alleging a single cause of action

based on the equitable claim of unjust enrichment with respect to the period 2001 through 2008.

2. NEMS agrees to pay to California $4.8 million (hereinafter the "Settlement Amount") within five (5) business days after the filing of the Operative Complaint, by electronic funds transfer pursuant to written instructions to be provided by the California Department of Justice.

3. The payment of the Settlement Amount shall constitute full restitution for Medi-Cal overpayments to NEMS as alleged in, and constituting full relief under, the Operative Complaint.

4. In consideration of the obligations of NEMS in this Agreement, and conditioned upon NEMS's full payment of the Settlement Amount, California (on behalf of itself, its officers, agents, agencies, and departments) hereby releases NEMS, and its present and former directors, officers, board members, employees, and agents, to the extent they acted in their official capacities, from any claims (including attorney's fees, court costs, and other costs and expenses of every kind and however denominated) that California asserted, could have asserted, or may assert in the future against NEMS, its present and former directors, officers, board members, employees, and agents, related to the conduct set forth in the Operative Complaint.

5. Notwithstanding the release given in Paragraph 4 of this Agreement, or any other term of this Agreement, California specifically reserves and does not release any claim for liability arising under California's Taxation and Revenue Code.

6. Within five (5) business days after the Effective Date of this Agreement, the Parties shall sign and file a Joint Stipulation of Dismissal pursuant to Rule 41(a)(1) of the

Federal Rules of Civil Procedure in case number 12-cv-2895 CW, attached hereto as Exhibit B, which dismisses with prejudice that case.

7. Within five (5) business days of receipt by the State of the Settlement Amount described in Paragraph 2, above, the Parties shall sign and file a Joint Stipulation of Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, attached hereto as Exhibit C, which dismisses with prejudice case number 10-cv-1904 CW.

8. NEMS releases California, its agencies, officers, agents, employees, and servants from any claims (including attorney's fees, court costs, and other costs and expenses of every kind and however denominated) that NEMS asserted, could have asserted, or may assert in the future against California, its agencies, officers, agents, employees, and servants related to the conduct set forth in the Operative Complaint and California's investigation and prosecution thereof.

9. Each Party and signatory to this Agreement shall bear its own legal and other costs incurred in connection with the litigation of the two cases subject to this Agreement, including the preparation and performance of this Agreement.

10. Each Party and signatory to this Agreement represents that it or he or she freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

11. This Agreement is governed by the laws of the United States and the laws of the State of California. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of California. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for

that reason in any subsequent dispute.

12. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

13. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the Parties and State agencies indicated below.

14. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles of signatures constitute acceptable, binding signatures for purposes of this Agreement.

15. This Agreement is binding on NEMS's successors, transferees, heirs, and assigns.

16. This Agreement will become effective ("Effective Date of this Agreement") upon fulfillment of the following two conditions: 1) all signatories to the Agreement have signed the Agreement; and 2) DHCS has obtained control agency approval of this Agreement.

**STATE OF CALIFORNIA**

XAVIER BECERRA
Attorney General of the State of California

Dated: 2-15-19    By: _____
LORA FOX MARTIN
Deputy Attorney General
Attorney for the State of California

4

STATE OF CALIFORNIA (con't)

XAVIER BECERRA
Attorney General of the State of California

Dated: 2/15/19     By: _____
MARYAM TOOSI BERONA
Deputy Attorney General
Attorney for Jennifer Kent, Director, the
California Department of Health Care Services
in case number 12-cv-2893 CW

CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES

Dated: 2/15/19     By: _____
KEVIN F. DONOHUE
Assistant Chief Counsel for the
Department of Health Care Services

NORTH EAST MEDICAL SERVICES

North East Medical Services

Dated: 2/15/19     By: _____
on behalf of Eddie Chan
EDDIE CHAN
Chief Executive Officer, NEMS

Feldesman Tucker Leifer Fidell LLP

Dated: 2/15/19     By: _____
JAMES FELDESMAN
MATTHEW FREEDUS
DAVID BENDER
Attorneys for NEMS

5

# EXHIBIT A

XAVIER BECERRA
Attorney General of California
GERALD ENGLER
Chief Assistant Attorney General
BRIAN V. FRANKEL
Supervising Deputy Attorney General
LORA FOX MARTIN
Deputy Attorney General
State Bar No. 168012
DAVID B. SONGCO
Deputy Attorney General
 1455 Frazee Rd., Ste. 315
 San Diego, CA 92108
 Telephone: (619) 688-7905
 Fax: (619) 688-4200
 E-mail: Lora.Martin@doj.ca.gov
         David.Songco@doj.ca.gov
*Attorneys for the State of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, *ex rel. et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH EAST MEDICAL SERVICES, INC., <br><br> Defendants. | Case No. 10-cv-01904-CW <br><br> **THE STATE OF CALIFORNIA'S SECOND AMENDED COMPLAINT-IN-INTERVENTION** |

Plaintiff, the State of California, alleges as follows:

## NATURE OF ACTION

1. The State of California ("the State") brings this action for recovery of overpayments arising out of a cost report that Defendant, North East Medical Services ("NEMS"), submitted to the California Medicaid Program, which resulted in NEMS receiving overpayments from that program.

1

2. As a Federally-qualified health center ("FQHC"), NEMS is entitled to receive payments for providing certain services to Medicaid beneficiaries. The services to which the payment entitlement applies are "federally qualified health center services" ("FQHC services"), as those services are defined in California's Welfare and Institutions Code § 14132.100(a) (which makes reference to the same definition in applicable federal law). The payment entitlement is set forth in federal Medicaid and complementary State law, and for the period of time to which this Complaint applies (as stated in paragraph 3 below) requires State Medicaid programs to pay each FQHC (for such FQHC services) through a per-visit rate established for each such FQHC.

3. In California, to establish its per-visit rate, an FQHC must submit a cost report to California's Department of Health Care Services ("DHCS"), which administers the State's Medicaid program. In the year 2000, NEMS submitted a cost report to DHCS that resulted in: (1) a higher per-visit rate than should have been set, and (2) overpayments to NEMS for the FQHC services it provided during the years 2001 through 2008.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. This action raises federal questions and pursues a claim under the federal Medicaid program. 42 U.S.C. § 1396 *et seq*.

5. The Court may exercise personal jurisdiction over the Defendant by virtue of Defendant having its principal place of business in and being qualified to do business in San Francisco, California, and Defendant's officers, directors, and employees residing and/or being domiciled within this Court's jurisdiction in California.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff State of California brings this suit on behalf of its Medicaid program.

8. Defendant NEMS is a California non-profit corporation that operates health care centers in the San Francisco Bay Area, with its principal place of business in San Francisco, California. NEMS is an FQHC under the Medicaid program. As is the case for most FQHCs, NEMS is a grantee under Section 330 of the Public Health Service Act, 42 U.S.C. § 254b,

2

pursuant to which it provides certain medical and other health-related services to underserved areas or populations. NEMS participates in the State's Medicaid program and receives payments for Medicaid covered services (including FQHC services) it provides to Medicaid beneficiaries.

## THE OVERPAYMENTS

9. NEMS is an FQHC that provides certain medical services to poor and medically-underserved populations of the San Francisco Bay area.

10. Federal Medicaid law requires the per-visit rate payment approach to be used, starting on January 1, 2001. NEMS's rate was based on the cost report for 2000 it submitted to DHCS.

11. Because the cost report was for FQHC services only, NEMS was required to exclude costs in that report that were for other than FQHC services ("non-FQHC" services).

12. NEMS's 2000 cost report did not exclude certain non-FQHC costs that it incurred pursuant to its agreement with an IPA (which ended on July 31, 2000) and its subsequent September subcontract with the San Francisco Health Plan ("SFHP") (a Medicaid MCO) that has continued since then.

13. As a result of such non-exclusion, NEMS's per-visit rate included costs associated with non-FQHC services, and the portion of any wraparound payments NEMS received from the State attributable to such non-FQHC services costs, from 2000 through 2008 (when new PPS rates became effective), constituted an overpayment.

## CAUSE OF ACTION

### Unjust Enrichment

14. The State of California re-alleges and fully incorporates herein by reference paragraphs 1 through 13 above.

15. By obtaining overpayments as previously described, NEMS was unjustly enriched in an amount to be proven at trial, and is liable to account for and pay such amounts, or the proceeds therefrom, to the State of California.

///

///

///

## PRAYER FOR RELIEF

The State of California asks the Court for an order of Payments by NEMS of the amounts by which NEMS was overpaid and thereby unjustly enriched.

Dated: March 19, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California

*/s/ Lora Fox Martin*

LORA FOX MARTIN
Deputy Attorney General
*Attorneys for the State of California*

---

4

THE STATE OF CALIFORNIA'S SECOND AMENDED COMPLAINT-IN-INTERVENTION (10-CV-01904-CW)

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NORTH EAST MEDICAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF HEALTHCARE SERVICES, et al., <br><br> Defendants. | CASE NO. 12-cv-2895 CW <br><br> **STIPULATION OF DISMISSAL; [PROPOSED] ORDER** |

Pursuant to Fed. R. Civ. P. 41(a)(1), the parties to this Stipulation, through their undersigned counsel of record, HEREBY STIPULATE to the following:

1. In accordance with the terms and conditions of the Settlement Agreement, North East Medical Services, Inc. dismisses Case No. 12-cv-2895 CW with prejudice.

IT IS SO STIPULATED.

Date: 3/22/2019

Respectfully submitted,

FELDESMAN TUCKER LEIFER FIDELL LLP

JAMES L. FELDESMAN
MATHEW S. FREEDUS
DAVID A. BENDER
Attorneys for North East Medical Services, Inc.

XAVIER BECERRA
Attorney General of California

Date: 3/19/2019

SUSAN M. CARSON
Supervising Deputy Attorney General
HADARA R. STANTON
MARYAM TOOSSI BERONA
Deputy Attorneys General
Attorneys for Jennifer Kent, Director, the California Department of Health Care Services

# EXHIBIT C

1  XAVIER BECERRA
   Attorney General of California
2  GERALD ENGLER
   Chief Assistant Attorney General
3  BRIAN V. FRANKEL
   Supervising Deputy Attorney General
4  LORA FOX MARTIN
   Deputy Attorney General
5  State Bar No. 168012
   DAVID B. SONGCO
6  State Bar No. 164296
   Deputy Attorney General
7   1455 Frazee Rd., Ste. 315
    San Diego, CA 92108
8   Telephone: (619) 688-7905
    Fax: (619) 688-4200
9   E-mail: Lora.Martin@doj.ca.gov
            David.Songco@doj.ca.gov
10 *Attorneys for the State of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA, et al., | ) ) ) |
| Plaintiffs, | ) CASE NO. 10-cv-1904 CW ) |
| v. | ) STIPULATION OF DISMISSAL ) |
| NORTH EAST MEDICAL SERVICES, INC., | ) ) |
| Defendant. | ) ) |

**Stipulation of Dismissal**
**10-cv-1904 CW**

1

1 |     Pursuant to Fed. R. Civ. P. 41(a)(2), the parties to this Stipulation, through their undersigned counsel of record, HEREBY STIPULATE to the following:

    1. Relators Hsu and Trinh dismiss Case No. 10-cv-1904 CW with prejudice as to themselves.

    2. Pursuant to the terms of the Settlement Agreement executed by the State of California and North East Medical Services, Inc. (the "Settlement Agreement"), and the State's filing of an amended complaint in Case No. 10-cv-1904 CW as required by the Settlement Agreement, the State of California dismisses Case No. 10-cv-1904 CW with prejudice as to itself.

    3. The United States dismisses Case No. 10-cv-1904 CW without prejudice as to itself.

    4. Relators Hsu and Trinh, North East Medical Services, Inc., the State of California, and the United States each agree to bear their own fees and costs in the above-captioned case and any associated appeals.

    5. According to the terms of the Settlement Agreement, "[t]he exclusive jurisdiction and venue for any dispute relating to [the Settlement] Agreement is the United States District Court for the Northern District of California."

    IT IS SO STIPULATED.

Respectfully submitted,

Date: 3/27/19

XAVIER BECERRA
Attorney General of California

*/s/ Brian Frankel/*

BRIAN FRANKEL
Supervising Deputy Attorney General
DAVID SONGCO
LORA FOX MARTIN
Deputy Attorneys General
Attorneys for the State of California

| | |
|---|---|
| | JOSEPH H. HUNT<br>Assistant Attorney General |
| | DAVID L. ANDERSON<br>United States Attorney |
| Date: 3-21-19 | *(signature)*<br>SARA WINSLOW<br>WENDY M. GARBERS<br>Assistant United States Attorneys |
| | MICHAEL D. GRANSTON<br>EDWARD C. CROOKE<br>Attorneys, Civil Division<br>United States Department of Justice |
| | Attorneys for the United States of America |
| | GOLDFARB & LIPMAN |
| Date: 3/27/19 | *(signature)*<br>JAMES T. DIAMOND, JR.<br>Attorneys for Relators Hsu and Trinh |
| | FELDESMAN TUCKER LEIFER FIDELL LLP |
| Date: 3/22/2019 | *(signature)*<br>JAMES L. FELDESMAN<br>MATHEW S. FREEDUS<br>DAVID A. BENDER<br>Attorneys for North East Medical Services, Inc. |

**Stipulation of Dismissal**
**10-cv-1904 CW**